```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA,                   :    CASE NO. 1:13-CR-00031-JG-7
                                            :
         Plaintiff,                         :
                                            :
vs.                                         :    OPINION & ORDER
                                            :    [Resolving Docs. No. 110, 111, 112.]
GORDON EGAN,                                :
                                            :
         Defendant.                         :
                                            :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 16, 2013, the Government indicted Defendant Gordon Egan on one count of conspiracy to possess with intent to distribute cocaine, heroin, and marijuana, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(D), and 846.[1] It also indicted him on four counts of use of a telephone to facilitate drug trafficking, 21 U.S.C. § 843(b).

Now, Egan has made three motions. First, he asks the Court to require the Government to give him notice of its intention to use evidence at trial.[2] Second, he asks the Court to require the Government to notify him of its intent to offer evidence under Federal Rule of Evidence 404(b).[3] Third, he asks the Court to require the Government to produce certain evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).[4] The Government has responded.[5] For the reasons below, Egan's motions are **DENIED**.

---

[1] Doc. 1 at 2.
[2] Doc. 110.
[3] Doc. 111.
[4] Doc. 112.
[5] Doc. 113.

-1-

Case No. 1:13-CR-00031-JG-7
Gwin, J.

## I.

### A. *Motion for Intent to Use Evidence at Trial*

On March 26, 2013, Egan moved the Court to require the Government to "give notice of its intention to use evidence (in chief at trial)."[6] To the extent Egan aks the Court to require the Government to give notice of its intent to use evidence under *Bruton v. United States*, 391 U.S. 123 (1968) or Federal Rule of Criminal Procedure 12(b)(4)(B), the Court finds that the Government has complied with Egan's request. Here, the Court has provided Egan with extensive discovery under Federal Rule of Criminal Procedure 16. Moreover, the Government says that, at this time, "it does not intend to introduce at trial any statements of non-testifying co-defendants which incriminate Egan."[7] It says that it will give Egan pre-trial notice if it decides to use *Bruton* evidence.[8] Thus, the Court denies Egan's motion without prejudice. Egan may raise this issue again if he can show that the Government has not complied with Rule 12(b)(4)(B) or intends to offer *Bruton* evidence.

### B. *Motion for Rule 404(b) Evidence*

On March 26, 2013, Egan also moved the Court to require the Government to notify him of its intent to offer evidence under Federal Rule of Evidence 404(b).[9] The Court finds that Egan is not entitled to 404(b) evidence because the Government has indicated it will not offer such evidence.[10] Under Rule 404(b), the Government must, before trial, "provide reasonable notice of the general nature" of any evidence of crimes, wrongs, or other acts "that the prosecutor intends to

---

[6] Doc. 110 at 1.
[7] Doc. 113 at 1.
[8] *Id.* at 2.
[9] Doc. 111 at 1.
[10] Doc. 113 at 2.

Case No. 1:13-CR-00031-JG-7
Gwin, J.

offer at trial."[11] The comments to the Rule say that "[o]ther than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case."[12] The Sixth Circuit has said that "a defendant is not entitled to discover all the overt acts that might be proven at trial."[13]

Here, Egan has failed to show that the Government intends to offer 404(b) evidence. To the contrary, the Government says that, at this time, "it does not intend to introduce evidence against Egan pursuant to 404(b)."[14] Moreover, the Government says that it will give Egan pre-trial notice if it decides to use 404(b) evidence.[15] Thus, the Court denies Egan's motion without prejudice. Egan may raise this issue again if he can show that the Government has failed to meet its Rule 404(b) obligations.

C. **Motion for Giglio and Brady Evidence**

On March 26, 2013, Egan moved the Court to order the Government to divulge any considerations or promises it has given or intends to give to its witnesses or their families.[16] He also requests the Court order the Government to divulge any false statements made by its witnesses or any information that bears on the credibility of its witnesses.[17] He requests the same information about any confidential informants or Government sources.[18] To support his position, he cites to *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny.

---

[11] Fed. R. Evid. 404(b).
[12] *Id.*
[13] *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).
[14] Doc. 113 at 2.
[15] *Id*.
[16] Doc. 112 at 1.
[17] *Id.*
[18] *Id.* at 3.

Case No. 1:13-CR-00031-JG-7
Gwin, J.

The Court finds that Egan is not entitled to *Giglio* information at this time because the Government is required only to makes its *Giglio* disclosures in time for effective use at trial. The Sixth Circuit has said that *Giglio* does not give "the defense a general right to pre-trial discovery."[19] Instead, "due process requires only that disclosure of exculpatory material be made in sufficient time to permit the defendant to make effective use of that material at trial."[20] Here, Egan has failed to offer any specific reason why he needs such information immediately. Moreover, the Government has indicated that it intends to comply with its obligations under *Brady* and *Giglio*.[21] Thus, the Court denies Egan's motion without prejudice. Egan may raise this issue again if he can show that the Government has failed to meet its obligations under *Giglio* and *Brady*.

## II.

For the reasons above, the Court **DENIES** Egan's motions.

IT IS SO ORDERED.

Dated: April 23, 2013            s/      *James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[19] *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).
[20] *Id.*
[21] Doc. 113 at 2-3.

-4-